UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:18-CV-213-B |
| | § | |
| $73,947.35 IN UNITED STATES CURRENCY FROM JP MORGAN CHASE BANK ACOUNT X1558, IN THE NAME OF AMERICAN INFO, INC., | § | |
| | § | |
| $51,997.87 IN UNITED STATES CURRENCY FROM JP MORGAN CHASE BANK ACCOUNT X6975, IN THE NAME OF AMERICAN INFO, INC., | § | |
| | § | |
| $25,290.00 IN UNITED STATES CURRENCY FROM JP MORGAN CHASE BANK ACCOUNT X5478, IN THE NAME OF ACCEL INTERNATIONAL, INC., | § | |
| | § | |
| $10,088.39 IN UNITED STATES CURRENCY FROM BBVA COMPASS BANK ACCOUNT X1679, IN THE NAME OF ACCEL INTERNATIONAL, INC., | § | |
| | § | |
| $188,218.82 IN UNITED STATES CURRENCY FROM JP MORGAN CHASE BANK ACCOUNT X6062, IN THE NAME OF UNITED IT SOLUTIONS, | § | |

| | § |
|---|---|
| $7,598.31 IN UNITED STATES | § |
| CURRENCY FROM JP MORGAN | § |
| CHASE BANK ACCOUNT X2342, IN | § |
| THE NAME OF SPARKPRO | § |
| SOLUTIONS, INC., | § |
| | § |
| Defendants *in rem*. | § |

## MEMORANDUM OPINION AND ORDER

In this civil-forfeiture case, the Government seized funds from the bank accounts of Accel International, Inc. (Accel), United IT Solutions (United), and SparkPro Solutions, Inc. (SparkPro) (collectively "the claimants")[1] and initiated this civil-forfeiture proceeding by filing the complaint at issue here. The claimants have each moved to dismiss the Government's complaint, contending that it is untimely, unverified, and lacks factual allegations to support the Government's claims. The Court declines to dismiss the Government's complaint on the grounds that it is untimely or unverified but agrees with the claimants that the Government's complaint lacks sufficient factual allegations. But rather than dismissing this case, the Court **ORDERS** the Government to file an amended complaint by or on June 1, 2018.

### I.

### BACKGROUND[2]

After the Government seized the funds in the claimants' bank accounts and the claimants filed claims to the seized funds, the Government filed the complaint in this case. Doc., 1, Compl. Although the complaint alleges no facts to support the Government's claims, the Government

---

[1] The Government has dismissed the money in American Info, Inc.'s bank accounts.

[2] The Court has taken this background from the Government's complaint and the claimants' briefing on their motions to dismiss.

attached to its complaint a detailed affidavit setting out facts supporting its complaint. Doc. 1-1, Aff. But the affidavit is sealed; no claimant can view it. In the present motions to dismiss, the claimants have asked the court either to dismiss the Government's complaint or unseal the affidavit. Doc. 12, United's Mot. to Dismiss; Doc. 22, Accel's Mot. to Dismiss; Doc. 23, SparkPro's Mot. to Dismiss.

## II.

## LEGAL STANDARD

Civil-forfeiture claims must comply with the Federal Supplemental Rules for Certain Admiralty and Maritime Claims (the Supplemental Rules). 18 U.S.C. § 983(a)(3). Supplemental Rule G governs forfeiture actions in rem, like this one, arising from a federal statute. Fed. R. Civ. P. Supp. R. G(1). The Federal Rules of Civil Procedure also apply unless they conflict with the Supplemental Rules.

Although a claimant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6), Fed. R. Civ. P. Supp. R. G(8)(b), the Court must assess the sufficiency of the Government's complaint according to Supplemental Rule G(2). Under Rule G(2), the Government's complaint must, among other things, "be verified" and "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." At trial, the government must establish by a preponderance of the evidence that property is subject to forfeiture. 18 U.S.C. § 983(c)(1). Put differently, the Government must "'state[ ] the circumstances giving rise to the forfeiture claim with sufficient particularity'" to allow a claimant to conduct a "'meaningful investigation of the facts and draft[ ] a responsive pleading.'" *United States v. $4,480,466.16 in U.S. Currency*, No. 3:17-CV-2989-D, 2018 WL 1964255, at *4 (N.D. Tex. April 26, 2018) (quoting

*United States v. Mondragon*, 313F.3d 862, 867 (4th Cir. 2002)).[3]

### III.

### ANALYSIS

The claimants have argued that the Court should dismiss the Government's complaint for three[4] reasons. The Court will address each in turn.

First, the claimants contend that the Government's complaint is untimely. Doc. 12, United's Mot. to Dismiss, 7; Doc. 22, Accel's Mot. to Dismiss, 12; Doc. 23, SparkPro's Mot. to Dismiss, 4. The Government must file a civil-forfeiture complaint no more than ninety days after the owner of seized property files a claim for the seized property and must return the property if it does not timely file a complaint. 18 U.S.C. § 983(a)(3)(A), (a)(3)(B). The Government acknowledges that it did not file a complaint within ninety days of the claimants claims, but another court in this district granted it an extension to file a complaint based on an ex parte motion. Doc. 27, Resp. to Accel, 7; *In re $25,290.00 in U.S. Currency (FP & F No. 2017-5501-000318-01), et al.*, No. 3:17-MC-94-L (N.D. Tex. Nov. 21, 2017) (sealed); *In re $182,218.81 in U.S. Currency (FP & F No. 2017-5501-00322-01)*, No. 3:17-MC-87-D (N.D. Tex. Oct. 24, 2017) (sealed). Such extensions are permitted. § 983(a)(3)(A). The Court thus declines to dismiss the Government's complaint on the grounds that it was untimely filed.

---

[3] Although *Mondragon* predates the current version of Rule G(2), "[s]ubdivision (2)(f) carries this forfeiture case law forward without change." Fed. R. Civ. P. Supp. R. G advisory committee's note to 2006 Amendments. "[T]his forfeiture case law" includes *Mondragon*. *Id.*

[4] Accel moved also for a tracing hearing to determine whether the funds the Government seized from it are traceable to illegal conduct, claiming that the seizure of the funds implicates its Sixth Amendment right to counsel. Doc. 22, Accel's Mot. to Dismiss, 14. But Accel has abandoned this issue for the time being and plans to file a new motion for a tracing hearing at a later time. Doc. 29, Accel's Reply, 7.

Second, Accel argues that the Court should dismiss the Government's complaint because the complaint is not verified as required by Rule G(2). Doc. 22, Accel's Mot. to Dismiss, 11. The Government did not respond to this argument. The Court finds that the sealed "Verification Affidavit" the Government attached to its complaint, Doc. 1, Compl., ¶ 6; Doc. 1-1, Aff., which, in an ex parte order the Court allowed the Government to file under seal, serves as verification, Doc. 4, Sealed Ex Parte Order. The Court therefore declines to dismiss the Government's complaint on the grounds that it is unverified.

Third, the claimants contend that the Court should dismiss the Government's complaint because it lacks sufficient facts to support the Government's claim. Doc. 12, United's Mot. to Dismiss, 4; Doc. 22, Accel's Mot. to Dismiss, 7; Doc. 23, SparkPro's Mot. to Dismiss, 2. The Government responds that the sealed affidavit attached to its complaint contains enough facts to make its claims plausible. Doc. 22, Resp. to Accel, 5. The Government recognizes that the claimants cannot view the sealed affidavit and therefore have no way to mount a meaningful defense. *Id.* at 6. But the Government says the affidavit is sealed to protect an ongoing criminal investigation and that the Government's interest in protecting the criminal investigation outweighs the claimants' interests in protecting their rights to the seized property. *Id.*

The Court does not agree with the Government. The Government may not maintain a civil-forfeiture action with a complaint that gives the claimants no notice of the facts underlying the claim. The Government's complaint contains no factual allegations supporting its claims, and the Court does not agree that the Government's sealed affidavit makes up for its complaint's shortcomings. Another court in this district recently rejected the same argument the Government makes in this case—that an ongoing criminal investigation justifies keeping the entire factual basis

of the Government's civil-forfeiture claim a secret from the claimants. *$4,480,466.16*, 2018 WL 1964255, at *5–6. As that court stated, "the government has failed to point to any case, and the court has found none, that supports the court's consideration of a sealed affidavit that a claimant is unable to challenge—as opposed to a publicly-filed affidavit—when determining whether the complaint meets the pleading standards of Rule 8 and Supp. R. G(2)." *Id.* at *6. The Court finds this analysis persuasive and thus finds that the Government's complaint does not comply with supplemental Rule G(2).

That said, the Court declines to dismiss the case or unseal the Government's affidavit. Rather, as the court did in *$4,480,466.16*, the Court grants the Government leave to file an amended complaint that "state[s] sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." *Id.* The Government must do so by or on June 1, 2018.

## IV.

## CONCLUSION

The Court **DENIES** the claimants' motions to dismiss but **GRANTS** the Government **LEAVE TO FILE** an amended complaint curing the aforementioned defects by or on **June 1, 2018**.

**SO ORDERED**.

**SIGNED: May 4, 2018.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE