UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:18-CV-213-B |
| | § | |
| $73,947.35 IN UNITED STATES CURRENCY FROM JP MORGAN CHASE BANK ACCOUNT X1558, IN THE NAME OF AMERICAN INFO, INC., | § | |
| | § | |
| $51,997.87 IN UNITED STATES CURRENCY FROM JP MORGAN CHASE BANK ACCOUNT X6975, IN THE NAME OF AMERICAN INFO, INC., | § | |
| | § | |
| $25,290.00 IN UNITED STATES CURRENCY FROM JP MORGAN CHASE BANK ACCOUNT X5478, IN THE NAME OF ACCEL INTERNATIONAL, INC., | § | |
| | § | |
| $10,088.39 IN UNITED STATES CURRENCY FROM BBVA COMPASS BANK ACCOUNT X1679, IN THE NAME OF ACCEL INTERNATIONAL, INC., | § | |
| | § | |
| $188,218.82 IN UNITED STATES CURRENCY FROM JP MORGAN CHASE BANK ACCOUNT X6062, IN THE NAME OF UNITED IT SOLUTIONS, | § | |

| | |
|---|---|
| **$7,598.31 IN UNITED STATES CURRENCY FROM JP MORGAN CHASE BANK ACCOUNT X2342, IN THE NAME OF SPARKPRO SOLUTIONS, INC.,** | § § § § § § § § |
| **Defendants *in rem.*** | |

## MEMORANDUM OPINION AND ORDER

In this civil-forfeiture case, Sparkpro Solutions, Inc. (Sparkpro), United IT solutions, Inc. (United IT), and Accel International, Inc. (Accel) (collectively "the claimants")[1] have moved to dismiss the Government's amended complaint on the grounds that it lacks the factual detail required to state a claim.

## I.

## BACKGROUND[2]

The Government seized two bank accounts from Accel (the '5478 account and the '1679 account), one from United IT (the '6062 account), and one from Sparkpro (the '2342 account). Doc. 31, Am. Compl., ¶ 3. After seizing the claimants' bank accounts, the Government filed its complaint in this case. Doc. 1, Compl. The Court found that the Government's complaint failed to allege sufficient factual detail and ordered the Government to file an amended complaint. Doc. 30, Mem. Op. & Order.

The Government filed its amended complaint and gave the claimants access to an affidavit providing the facts underlying the Government's seizure of the claimants' money. Doc. 31, Am.

---

[1] American Info, Inc. was a party, but the Government dismissed it.

[2] The Court has taken this background from the Government's amended complaint and attached affidavit and the claimants' briefing on their motions to dismiss.

Compl.; Doc. 34, Aff. The Government alleges that it seized the accounts because the claimants obtained the funds therein in the course of violating various immigration laws by making false statements in visa-application forms. Doc. 31 Am. Compl., ¶ 6.

The claimants respond in their motions to dismiss that the Government's amended complaint insufficiently alleges that the claimants committed a crime and, even if it did, fails to connect the seized funds to a crime. Doc. 36, United IT's Mot. to Dismiss; Doc. 37, Sparkpro's Mot. to Dismiss; Doc. 38, Accel's Mot. to Dismiss. The claimants' motions to dismiss are ripe for review.

## II.

## LEGAL STANDARD

Civil-forfeiture claims must comply with the Federal Supplemental Rules for Certain Admiralty and Maritime Claims (the Supplemental Rules). 18 U.S.C. § 983(a)(3). Supplemental Rule G governs forfeiture actions in rem, like this one, arising from a federal statute. Fed. R. Civ. P. Supp. R. G(1). The Federal Rules of Civil Procedure also apply unless they conflict with the Supplemental Rules.

Although a claimant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6), Fed. R. Civ. P. Supp. R. G(8)(b), the Court must assess the sufficiency of the Government's complaint according to Supplemental Rule G(2), Fed. R. Civ. P. Supp. R. G(2). Under Rule G(2), the Government's complaint must, among other things, "be verified" and "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." At trial, the government must establish by a preponderance of the evidence that property is subject to forfeiture. 18 U.S.C. § 983(c)(1). So the Government must "'state[ ] the circumstances giving rise to the forfeiture claim with sufficient particularity'" to allow a claimant to conduct a

"'meaningful investigation of the facts and draft[ ] a responsive pleading.'" *United States v. $4,480,466.16 in U.S. Currency*, No. 3:17-CV-2989-D, 2018 WL 1964255, at *4 (N.D. Tex. Apr. 26, 2018) (quoting *United States v. Mondragon*, 313 F.3d 862, 867 (4th Cir. 2002)).[3]

### III.

### ANALYSIS

Although the Government pleaded that the claimants obtained the seized funds in the course of violating multiple statutes, the Government needs only one legal theory satisfying Rule G(2)'s standard to proceed. *United States v. $506,069.09 Seized from First Merit Bank*, 664 Fed. App'x 422, 434 (6th Cir. 2016). The Government pleaded that the claimants violated 18 U.S.C. § 1546 by lying on forms submitted to obtain visas for information-technology workers. Doc. 31, Am. Compl., ¶¶ 6, 8. Section 1546 imposes criminal penalties on anyone who

> knowingly makes under oath, or as permitted under penalty of perjury under section 1746 of title 28, United States Code, knowingly subscribes as true, any false statement with respect to a material fact in any application, affidavit, or other document required by the immigration laws or regulations prescribed thereunder, or knowingly presents any such application, affidavit, or other document which contains any such false statement or which fails to contain any reasonable basis in law or fact.

The Government pleaded also that the claimants violated 18 U.S.C. § 1957, which imposes criminal penalties on anyone who "knowingly engages or attempts to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity." Thus, the Government could satisfy Rule G(2) by "stat[ing] sufficiently detailed facts to support a reasonable belief" that the claimants obtained the seized funds in the course of violating

---

[3] Although *Mondragon* predates the current version of Rule G(2), "[s]ubdivision (2)(f) carries this forfeiture case law forward without change." Fed. R. Civ. P. Supp. R. G advisory committee's note to 2006 Amendments. "[T]his forfeiture case law" includes *Mondragon*. *Id.*

§ 1957—for example, by knowingly engaging in transactions in property derived from the making of fraudulent statements on visa applications.

When the alleged criminal conduct occurred also is relevant. 18 U.S.C. § 984(a)(1) provides that, if the seized property consists of funds in a financial institution, the Government need not identify the specific property involved in the offense justifying forfeiture, and "it shall not be a defense that the property involved in such an offense has been removed and replaced by identical property." But the Government may rely on § 984(a)(1) only if the criminal conduct justifying forfeiture occurred no more than a year before it commences a forfeiture action. § 984(b).

Although the Fifth Circuit has not determined when the Government commences a forfeiture action under § 984(b), the Third Circuit has. *United States v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141, 159 (3d Cir. 2003). The Third Circuit recognized that although "commence" has a broad meaning in everyday usage, § 984(b) uses the word in a specialized way: to refer to the initiation of a civil action. *Id.* Highlighting that Federal Rule of Civil Procedure 3 uses "commence" to refer to the initiation of a civil action by filing a complaint and noting that other courts had defined "commence" to refer to the filing of a complaint in a civil action, the Third Circuit held that the Government commences a forfeiture action under § 984(b) only when it initiates a civil action by filing a complaint. *Id.* The Court finds the Third Circuit's reasoning persuasive and therefore agrees that the Government commences a forfeiture action under § 984(b) only when it files a complaint in court.

Here, the Government attached to its amended complaint an affidavit executed by an Immigration and Customs Enforcement agent describing the Government's investigation of the claimants and, although the affidavit is sealed, agreed to let the claimants view the affidavit. Doc.

34, Aff.; Doc. 44, Protective Order. To resolve the claimants' motion to dismiss, the Court considers the affidavit together with the complaint. *United States v. 2121 Kirby Drive*, Civil Action No. H-06-3335, 2007 WL 3378353, at *3 n.1 (S.D. Tex. Nov. 13, 2007). The claimants argue that the Government's amended complaint, even if considered with the affidavit, is too vague to satisfy Rule G(2).

The Government has met its Rule G(2) burden of pleading with respect to Accel's '1679 account and United IT's '6062 account. The Government pleaded that each claimant stated on visa-application forms that the applicant would be working for a company pursuant to an agreement between the company and the claimant even though no such agreements actually existed between the companies specified on the forms and the claimants. Doc. 31, Am. Compl., ¶¶ 8–11; Doc. 34, Aff., ¶¶ 21–34, 41–45, 83–89. The Government pleaded also that the claimants forged company officials' signatures and submitted letters purporting to be from those companies that were in fact not. *Id.* Taken as true, these pleadings "support a reasonable belief" that the claimants violated § 1546 by making false statements on visa-application forms.

The Government's pleadings "support the reasonable belief" also that the claimants violated § 1957 by transacting in funds derived from making fraudulent statements on visa-application forms. The Government pleaded that each claimant received sums of money corresponding to work performed by beneficiaries of fraudulent visa applications and that each claimant paid beneficiaries of fraudulent applications from the seized accounts. Doc. 31, Am. Compl., ¶¶ 13–19. And the Government pleaded that United IT and Accel received money in return for work performed by beneficiaries of fraudulent visa forms United IT and Accel filled out into 2017. Doc. 34, Aff., ¶¶ 131, 153. Because the Government pleaded that United IT and Accel violated § 1957 within one year

of its commencement of this proceeding on January 26, 2018, and violating § 1957 gives rise to forfeiture, the Government did not need to plead that the seized funds were traceable to the violation. § 984(a), (b). And given the large amounts of money the Government says were moving through these account, Doc. 34, Aff., ¶¶ 130, 133, 152, the Government's pleadings support the reasonable belief that the transactions were above § 1957's $10,000 threshold. Thus, the Government has met its Rule G(2) burden with respect to Accel's '1679 account and United IT's '6062 account.

The same is not true of Sparkpro's '2342 account. The Government did not plead that Sparkpro received funds as a result of fraudulent visa applications in 2017,[4] and it pleaded no facts indicating that the funds seized were traceable to fraudulent visa applications. Nor does the affidavit contain such allegations. Nonetheless, the Government argues that it "provided detailed allegations" tying the funds seized from Sparkpro to criminal activity that allegedly occurred "within a year of the seizures." Doc. 51, Surreply, 9.

But alleging that criminal activity occurred within a year of the seizures does not absolve the Government of its obligation to plead facts supporting the reasonable belief that the seized funds are traceable to criminal activity. Section 984(a) absolves the Government of its obligation to plead tracing only when the criminal activity occurred within one year of the commencement of a civil-

---

[4] The Government's affidavit contains a typo. The affidavit says Sparkpro paid a beneficiary of a fraudulent visa application into 2015. And it continues, "It is believed that SparkPro Solutions, LLC receive payments on behalf of other individuals for which SparkPro, LLC fraudulently petitioned." Doc. 34, Aff., ¶ 179. The problem is with the word "receive." It should say "received" or "receives" or something else that is grammatically correct. The rest of the verbs in the paragraph are past tense, so the Court's best guess is that the Government meant "received." But the Court cannot tell from the paragraph when Sparkpro received the funds. Obviously, the sentence would have a materially different meaning if the Government meant "receives" rather than "received."

forfeiture proceeding. § 984(b). And the Government commences a civil-forfeiture proceeding only when it files its complaint in court, not by seizing property. *See supra* at 5.

The criminal activity allegedly justifying the seizure of Sparkpro's funds occurred more than a year before the Government filed its complaint. The Goverment filed its complaint on January 26, 2018. Doc.1, Compl. But it alleges that Sparkpro engaged in criminal conduct justifying civil forfeiture only as late as 2016. Doc. 34, Aff., ¶ 180. Thus, the Government must plead facts supporting the reasonable belief that the funds it seized from Sparkpro in June of 2017 are traceable to criminal conduct. But the Government makes no such allegations. The Court therefore finds that the Government has failed to meet Rule G(2)'s standard with respect to the funds it seized from Sparkpro.[5]

The Government's complaint fails with respect to Accel's '5478 account for the same reason. The Government's affidavit discusses conduct occurring only as late as August 2016, Doc. 34, Aff. ¶ 156, and the Government has not alleged how the money it seized from the account is traceable to any criminal conduct. The Court therefore dismisses the Government's complaint with respect to Accel's '5478 account.

The Court will now address the claimants' remaining arguments in favor of dismissing the Government's complaint. First, the claimants argue that the Government had no basis to seize their property when it seized their property because the Government did not timely file its civil-forfeiture complaint. Doc. 49, United IT's Reply, 5. But the Court has already explained that the

---

[5] Sparkpro argues also that the Government violated its due-process rights, Doc. 45, Sparkpro's Reply, 3, but because the Court finds that the Government failed to carry its Rule G(2) burden with respect to Sparkpro, the Court need not consider Sparkpro's due-process argument.

Government's initial complaint was timely. Doc. 30, Mem. Op. & Order, 4. Second, United IT argues that the conduct the Government challenges—which United IT seems to think is the claimants' sending of the visa applicants to work for other companies—is actually legal such that the Government should not have seized its funds. Doc. 49, United IT's Reply, 3. But the Court has found that the Government's allegations that the claimants made fraudulent statements on visa forms and received money as a result supports its civil-forfeiture claim. *See supra* at 6. And the Government need only plead one legal theory that satisfies Rule G(2) to survive a motion to dismiss. *$506,069.09 Seized from First Merit Bank*, 664 Fed. App'x at 434. Thus, the possibility that sending visa applicants to work for other companies was legal is no grounds for dismissing the Government's complaint.

## IV.

## CONCLUSION

The Court **DENIES** the motions to dismiss with respect to Accel's '1679 account and United IT's '6062 account and **GRANTS** the motions with respect to Sparkpro's '2342 account and Accel's '5478 account. Because the Government failed to plead facts supporting the reasonable belief that the funds the Government seized from Sparkpro's '2342 account and Accel's '5478 account are traceable to criminal conduct or that the criminal conduct justifying the seizure of these accounts occurred within one year of the Government's initial complaint in this suit, the Court **DISMISSES** the Government's claim against the funds it seized from Sparkpro's '2342 account and Accel's '5478 account **WITHOUT PREJUDICE**. If the Government wishes to maintain a claim against those bank accounts, it must file a new complaint curing the aforementioned defect within fourteen days of this order.

SO ORDERED.

SIGNED: August 17, 2018.

                                                                  JANE J. BOYLE
                                                                   UNITED STATES DISTRICT JUDGE