UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:18-CV-0213-B |
| | § | |
| $25,290.00 IN UNITED STATES CURRENCY FROM JP MORGAN CHASE BANK ACCOUNT X5478, IN THE NAME OF ACCEL INTERNATIONAL, INC., | § | |
| | § | |
| $10,088.39 IN UNITED STATES CURRENCY FROM BBVA COMPASS BANK ACCOUNT X1679, IN THE NAME OF ACCEL INTERNATIONAL, INC., | § | |
| | § | |
| $188,218.82 IN UNITED STATES CURRENCY FROM JP MORGAN CHASE BANK ACCOUNT X6062, IN THE NAME OF UNITED IT SOLUTIONS, | § | |
| | § | |
| $7,598.31 IN UNITED STATES CURRENCY FROM JP MORGAN CHASE BANK ACCOUNT X2342, IN THE NAME OF SPARKPRO SOLUTIONS, INC., | § | |
| | § | |
| Defendants *in rem*. | § | |

## MEMORANDUM OPINION AND ORDER

In this civil-forfeiture case, United IT Solutions, Inc. (United), Accel International, Inc.

(Accel), and Sparkpro Solutions, Inc. (Sparkpro) (collectively "the Claimants")[1] have moved, for the third time, to dismiss the Government's complaint. Docs. 59, 63 & 64. The Court finds the Government has cured the pleading defects noted in its previous Order, Doc. 52, and that the second amended complaint now satisfies Federal Supplemental Rule for Certain Admiralty and Maritime Claims G(2)'s pleading requirements. The Claimants' motions are therefore **DENIED**.

## I.

## BACKGROUND[2]

In June of 2017, the Government seized two bank accounts from Accel (the '5478 account and the '1679 account), one from United (the '6062 account), and one from Sparkpro (the '2342 account). Doc. 54, Second Am. Compl. (SAC), ¶ 3. After seizing these accounts, the Government filed its complaint in this case. Doc. 1, Compl. The Government alleged that it seized the accounts because the funds therein were obtained in relation to violations of various immigration laws that criminalize fraud in filing visa-application forms. *Id.* ¶ 6. Specifically, the Government stated the property was subject to seizure because it was involved in and/or was derived from proceeds traceable to a conspiracy to violate 18 U.S.C. § 1546 (fraud in immigration forms) and 18 U.S.C. §§ 1956, 1957 (money laundering). *Id.*

Various parties came forward and filed verified claims of interest in the seized property. Doc. 5, United's Verified Claim; Doc. 17, Sparkpro's Verified Claim; Doc. 18, Accel's Verified Claim. These Claimants filed their first round of 12(b)(6) motions, and the Court found that the

---

[1] American Info, Inc. was a party, but the Government dismissed it. Doc. 24, Not. of Dismissal.

[2] The Court has taken this background from the Government's second amended complaint and attached affidavit and the Claimants' briefing on their motions to dismiss.

Government's complaint failed to allege sufficient factual detail and ordered the Government to file an amended complaint. Doc. 30, Mem. Op. & Order.

Per that order, the Government then filed its first amended complaint and gave the Claimants access to an affidavit providing the facts underlying the Government's seizure of the Claimants' money. Doc. 31, Am. Compl.; Doc. 34, Aff. The Claimants filed a second round of 12(b)(6) motions, and the Court denied the motions with respect to two bank accounts (Accel '1679 and United '6062), but granted the motions with respect to the two other accounts (Sparkpro '2342 and Accel '5478) because the Government failed to plead sufficient facts to support a reasonable belief that those funds were traceable to criminal conduct. Doc. 52, Mem. Op. & Order, 9. The Court dismissed the Government's claims against those two accounts without prejudice. *Id.* The Government has now filed its second amended complaint, Doc. 54, and alleges that the defects with respect to the '2342 and '5478 accounts have been cured.

In their third round of motions to dismiss, the Claimants respond that the Government's second amended complaint is still deficient for various reasons. The Claimants' motions are now ripe for review.

## II.

## LEGAL STANDARD

Civil-forfeiture claims must comply with the Federal Supplemental Rules for Certain Admiralty and Maritime Claims (the Supplemental Rules). 18 U.S.C. § 983(a)(3). Supplemental Rule G governs forfeiture actions *in rem*, like this one, arising from a federal statute. Fed. R. Civ. P. Supp. R. G(1). The Federal Rules of Civil Procedure also apply unless they are inconsistent with the Supplemental Rules. *United States v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141, 149–50 (3d Cir.

2003).

Supplemental Rule G(8)(b) allows a claimant to move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6), but the Court must still assess the sufficiency of the Government's complaint according to Supplemental Rule G(2). Fed. R. Civ. P. Supp. R. G(2). Under Rule G(2), the Government's complaint must, among other things, "be verified" and "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." At trial, the Government must establish by a preponderance of the evidence that property is subject to forfeiture. 18 U.S.C. § 983(c)(1). So the Government must "'state[] the circumstances giving rise to the forfeiture claim with sufficient particularity'" to allow a claimant to conduct a "'meaningful investigation of the facts and draft[] a responsive pleading.'" *United States v. $4,480,466.16 in U.S. Currency*, No. 3:17-CV-2989-D, 2018 WL 1964255, at *4 (N.D. Tex. Apr. 26, 2018) (quoting *United States v. Mondragon*, 313 F.3d 862, 867 (4th Cir. 2002)).[3]

## III.

## ANALYSIS

A.   *Accel's Motion to Dismiss Claims Against Accounts '1679 and '5478.*

The Court granted Accel's previous motion to dismiss with respect to the '5478 account but denied it with respect to the '1679 account. Doc. 52, Mem. Op. & Order, 9. In its most recent motion to dismiss, Accel argues that the Government's second amended complaint should be dismissed as to *both* accounts because (1) even with the amendments, the new complaint fails to

---

[3] Although *Mondragon* predates the current version of Rule G(2), "[s]ubdivision (2)(f) carries this forfeiture case law forward without change." Fed. R. Civ. P. Supp. R. G advisory committee's note to 2006 Amendments. "[T]his forfeiture case law" includes *Mondragon*. *Id.*

plead sufficient facts to state a claim that forfeiture is appropriate under the relevant statutes[4]; and (2) the activity alleged in the complaint is not, in fact, illegal.

First, the Court finds that because the previous Order found that the Government met its pleading burden with respect to the '1679 account, *id.* at 6–7, the Court will deny Accel's current motion as it applies that account, as none of the allegations differ to that account.

Turning to account '5478, the Court finds that the Government has adequately cured the pleading defects noted in its previous Order. The Court dismissed the claim against this account because the Government failed to allege criminal activity—violations of §§ 1546, 1956, or 1957—occurring within a year of the commencement of the forfeiture action, as required by § 984, and failed to plead facts supporting the reasonable belief that the funds it seized were traceable to criminal conduct. *Id.* at 7–8. Because the Court finds that the Government has corrected these deficiencies, Accel's motion to dismiss is denied also with respect to account '5478.

The Government relies on 18 U.S.C. § 984 because this is a case involving the forfeiture of fungible property—*i.e.*, cash. Section 984(a)(1)[5] provides that if the seized property consists of funds

---

[4] The second amended complaint claims that the Claimants' property is subject to forfeiture under 18 U.S.C. §§ 981, 984 because the property was involved in and/or it constitutes or is derived from proceeds traceable to a conspiracy to violate 8 U.S.C. § 1324 (alien smuggling), 18 U.S.C. § 371 (conspiracy to defraud the United States), 18 U.S.C. § 1546 (visa fraud), and 18 U.S.C. §§ 1956, 1957 (money laundering).

[5] The text of 18 U.S.C. § 984(a) states:

(1) In any forfeiture action in rem in which the subject property is cash, monetary instruments in bearer form, funds deposited in an account in a financial institution (as defined in section 20 of this title), or precious metals—

    (A) it shall not be necessary for the Government to identify the specific property involved in the offense that is the basis for the forfeiture; and

    (B) it shall not be a defense that the property involved in such an offense has been

in a financial institution, "it shall not be a defense that the property involved in such an offense has been removed and replaced by identical property." § 984(a). In other words, this provision does not require the Government to trace the exact funds deposited in a bank account and later seized to an alleged criminal activity. But, to utilize this provision, there is a timing requirement—the Government must allege that the criminal conduct justifying the forfeiture occurred no more than a year before the Government commenced the forfeiture action. § 984(b).[6] The Court previously held that the Government "commences" a forfeiture action only when it files a complaint. Doc. 52, Mem. Op. & Order, 5. If the Government cannot rely on § 984(a), it must identify and trace the specific funds involved in the offense that is the basis for the forfeiture.

The Government's previous complaint alleged that criminal conduct related to the '5478 account occurred only as late as August 2016, and thus, the Court held that it could not rely on § 984(a) because the Government filed its original complaint on January 26, 2018, outside of the one-year limitation in § 984(b). *Id.* at 8. The Government's second amended complaint and the supporting verification affidavit allege the criminal activity extends into 2017. Specifically, the Government now alleges that Accel filed approximately 142 H-1B petitions between May 2007 and June 2017 and that "[a]t least 34 petitions" "contained multiple, material false statements and misrepresentations." Doc. 54, SAC, ¶ 10. This allegation is supported by statements in the

---

      removed and replaced by identical property.

    (2) Except as provided in subsection (b), any identical property found in the same place or account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture under this section.

[6] 18 U.S.C. § 984(b) states: "No action pursuant to this section to forfeit property not traceable directly to the offense that is the basis for the forfeiture may be commenced more than 1 year from the date of the offense."

investigating agent's affidavit, Doc. 57, Aff., ¶ 21. Taken as true, these amended pleadings support a reasonable belief that Accel violated § 1546 within one year one year of the date the original complaint was filed and thus allow the Government to utilize § 984(a).

Further, the Government's amended pleadings also support the reasonable belief that Accel violated § 1957 by transacting in funds derived from making fraudulent statements on visa-application forms. In its second amended complaint, the Government alleges that, from around 2014 into 2017, the '5478 account was used to conceal fraudulently derived funds via transfers from other accounts owned by Accel and other alleged co-conspirators. Doc. 54, SAC, ¶ 18. The investigating agent's amended affidavit supports this allegation as well, listing specific transactions involving this account and other Accel accounts related to this matter. Doc. 57, Aff., ¶ 102. The affidavit goes on to state that this account was "also used to promote Accel's fraudulent business," including use for payment of bills, taxes, and rent necessary for operations, as late as March 2017. *Id.* ¶¶ 104–05. Taking the second amended complaint and the affidavit as true, the allegations support a reasonable belief that Accel violated § 1957, and that this criminal conduct occurred within one year of the date the complaint was filed.

In sum, because the Government's second amended complaint and supporting verified affidavit allege that the offenses that are the basis of its forfeiture claim occurred within a year of the date the forfeiture action was commenced, the Court finds that it is not necessary for the Government to trace the specific property to the offense underlying the forfeiture. *See* 18 U.S.C. § 984(a), (b). The Court thus finds that the second amended complaint cures the deficiency noted in the previous Order and that the Government has adequately pleaded a claim against account '5478.

Second, Accel argues that the second amended complaint should be dismissed because the alleged criminal activity was legal. This argument fails because at this stage of the litigation, the Government need only "state sufficiently detailed facts to support a reasonable belief that [it] will be able to meet its burden of proof at trial." *United States v. All Funds on Deposit at Citigroup Smith Barney Account No. 600-00338 held in the Name of Kobi Alexander*, 2008 WL 3049895, at *5 (E.D. N.Y. Aug. 1, 2008) (quoting Supp. Rule G(f)(2)) (quotations omitted). And the Court has found that the Government has plead sufficiently detailed facts to support a reasonable belief that the funds seized from the Accel accounts were obtained by Accel in the course of violating §§ 1546 and 1957. While the Government may later fail to show the funds seized were obtained in connection with any illegal activity, at the pleading stage, the Court finds that the purported scheme has been described with sufficient particularity and detail. *See, e.g., United States v. Real Prop. & Premises*, 657 F. Supp. 2d 1060, 1067–68 (D. Minn. 2009) (denying motion to dismiss forfeiture claim where there was "enough detail to discharge the Government's burden under Supplemental Rule G(2)(f)"); *United States v. 99,337 Pieces of Counterfeit Native Am. Jewelry*, 2018 WL 1568725, at *2 (D.N.M. Mar. 27, 2018) (rejecting claimant's argument in motion to dismiss that the Government failed to state a claim because he was innocent of any wrongdoing).

Third, Accel's final argument is that the second amended complaint should be dismissed because the Government has failed to adequately allege a conspiracy. But, as the Court previously stated, "the Government need only plead one legal theory that satisfies Rule G(2) to survive a motion to dismiss." Doc. 52, Mem. Op. & Order, 9 (citing *United States v. $506,069.09 Seized from First Merit Bank*, 664 F. App'x 422, 434 (6th Cir. 2016)). Because the Court has already found the Government's allegations sufficient with respect to making false statements in visa applications and

money laundering, the Government need not satisfy additional theories to meet its pleading burden. Accel's motion to dismiss is **DENIED**.

B.  *Sparkpro's Motion to Dismiss Claims Against Account '2342.*

In its previous Order, the Court also granted Sparkpro's motion to dismiss the Government's claim against its '2342 account but allowed the Government to replead. Doc. 52, Mem. Op. & Order, 9. In this round of motions, Sparkpro argues (1) that due process requires the Government's supporting affidavit to be set aside and (2) that the second amended complaint fails to allege sufficient facts to meet the Government's pleading burden.

Turning first to the due process argument, the Court finds it lacks merit. Sparkpro argues that the Government's current supporting affidavit to the second amended complaint should be set aside because the Government has not unsealed the first affidavit it filed in support of the original complaint. Doc. 64, Sparkpro's Mot. to Dismiss, 5. Sparkpro argues this violates due process because it constitutes an unreasonable delay in prosecuting their case. *Id.* at 6. In response, the Government argues that there is no authority that requires an affidavit supporting a superseded complaint, now void after an amended pleading has been filed, to be unsealed. Doc. 68, Gov't's Resp., 10. The Government also argues that amendments to pleadings in civil forfeiture cases are freely allowed and new theories can be included in these amendments. *Id.* The Court agrees with the Government.

First, the general rule is that an "amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleadings." *Scott v. Byrnes*, 2008 WL 398314, at *2 (N.D. Tex. Feb. 13, 2008) (quoting *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam)). Here, the Court found that the Government's original complaint did not comply with Rule G(2) because the

Government had not given the Claimants access to the sealed verification affidavit and thus they were not on notice of the facts underlying the claim. Doc. 30, Mem. Op. & Order, 5–6. But the Court did not dismiss the Government's claims; instead, it was permitted to refile an amended complaint to cure the defects noted in the Order. *Id.* at 6. The Government filed an amended complaint and a second supporting verification affidavit. Docs. 31 & 34. The affidavit was filed under seal, but the Claimants were provided access to it with disclosures limited by a protective order. Doc. 44, Protective Order. After another series of motions, the Court found the amended complaint and supporting affidavit adequately pleaded a claim to some accounts, but failed as to others. Doc. 52, Mem. Op. & Order, 9. The Government then filed its second amended complaint, Doc. 54, and supporting verification affidavit, Doc. 57, which it again provided to the Claimants to give them notice of their claims. This second amended complaint and affidavit supersede the previous pleadings filed in this case.

The only reason Sparkpro cites for possibly needing access to the *first* sealed affidavit is that it could show the original complaint was deficient as a matter of law. Doc 64, Sparkpro's Mot. to Dismiss, 7. But the Court already found the original complaint was deficient and ordered the Government to replead. Doc. 30, Mem. Op. & Order. Any legal defects in the first filings are now moot, and Sparkpro's arguments related to unnecessary delay are thus inapposite without foundation. Moreover, courts routinely allow plaintiffs to replead in forfeiture cases. *See United States v. $4,480,466.16 in Funds Seized from Bank of Am. Account Ending in 2653*, 2018 WL 4096340, at *4 (N.D. Tex. Aug. 28, 2018) (granting motion to dismiss but permitting the government to file a third amended complaint to cure pleading defects); *United States v. Sum of $70,990,605*, 4 F. Supp. 3d 189, 195 n.1 (D.D.C. 2014) (noting that dismissal for failure to state a claim is generally without

prejudice). Because granting leave to replead is a fairly routine process, the Court finds nothing unreasonable about any resulting delay that has occurred so far. And Sparkpro has provided no contrary legal authority to support its argument that the Government's behavior violated due process. The Court will thus deny Sparkpro's motion to dismiss on this ground.

Second, Sparkpro argues that the Government's second amended complaint does not satisfy Supplemental Rule G(2)'s pleading requirements. Like the Accel '5478 account, the Court finds that the Government has now "pleaded sufficiently detailed facts to support a reasonable belief that the ['2342 account] is subject to forfeiture, or to enable [Sparkpro] to file responsive pleadings or conduct meaningful discovery." *$4,480,466.16 in Funds*, 2018 WL 4096340, at *4 (quoting *United States v. Real Prop. Located at 5833 Coronado Ridge, El Paso, Tex.*, 2010 WL 5540939, at *2 (W.D. Tex. Oct. 15, 2010)). Now that the Government has amended its pleadings and alleged criminal conduct occurring as late as 2017, Doc. 54, SAC, ¶ 12, the Government need not plead that specific funds seized are traceable to the violations justifying the forfeiture. 18 U.S.C. § 984.

Further, the second amended complaint and supporting affidavit both go into sufficient detail to support a reasonable basis that the '2342 account is subject to forfeiture. Specifically, the complaint alleges that Sparkpro filed around 55 immigration forms, many of which contained material false statements. Doc. 54, SAC, ¶ 12. And the Government's verified affidavit goes further to allege the specific fraudulent clients Sparkpro represented as being prospective employers for the H-1B workers they filed petitions for. Doc. 57, Aff., ¶¶ 52–59, 123–30. Taken together, these filings support a reasonable belief Sparkpro made false statements on visa-application forms in violation of § 1546. The Government's second amended complaint and supporting affidavit also contain detailed allegations that Sparkpro engaged in money laundering in violation of § 1957 by transacting in funds

derived from making false statements on visa-application forms. *See* Doc. 54, SAC, ¶¶ 15, 19; Doc. 57, Aff., ¶¶ 123–30 (connecting at least five allegedly fraudulent visa petitions with monies paid to an H-1B visa recipient from the '2342 and documenting other transfer between the '2342 account and other accounts and persons related to the alleged scheme). The Court finds these factual allegations are pleaded with sufficient specificity to allow Sparkpro "to commence[] a meaningful investigation of the facts and draft[] a responsive pleading." *Mondragon*, 313 F.3d at 867. As such, Sparkpro's motion to dismiss is **DENIED**.

C.      *United's Motion to Dismiss Claims Against Account '6062.*

The Court previously denied United's second motion to dismiss account '6062. Doc. 52, Mem. Op. & Order, 6–7. United admits that its pending motion to dismiss is based on the same arguments asserted in its previous motion. Doc. 59, United's Mot. to Dismiss, 1 n.1. The Court will not reconsider those arguments. The Court reaffirms its finding that the Government met its Rule G(2) burden of pleading with respect to United's '6062 account. United's Motion to Dismiss (Doc. 59) is thus **DENIED**.

IV.

CONCLUSION

In sum, the Court finds that the Government cured the pleading defects noted in its previous Order, and the Court thus **DENIES** Claimants' motions to dismiss (Docs. 59, 63 & 64).

SO ORDERED.

SIGNED: December 6, 2018.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE