UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:18-CV-0213-B |
| | § | |
| $25,290.00 IN UNITED STATES CURRENCY FROM JP MORGAN CHASE BANK ACCOUNT X5478, IN THE NAME OF ACCEL INTERNATIONAL, INC., | § | |
| | § | |
| $10,088.39 IN UNITED STATES CURRENCY FROM BBVA COMPASS BANK ACCOUNT X1679, IN THE NAME OF ACCEL INTERNATIONAL, INC., | § | |
| | § | |
| $182,218.82 IN UNITED STATES CURRENCY FROM JP MORGAN CHASE BANK ACCOUNT X6062, IN THE NAME OF UNITED IT SOLUTIONS, | § | |
| | § | |
| $7,598.31 IN UNITED STATES CURRENCY FROM JP MORGAN CHASE BANK ACCOUNT X2342, IN THE NAME OF SPARKPRO SOLUTIONS, INC., | § | |
| | § | |
| Defendants *in rem*. | § | |

## MEMORANDUM OPINION & ORDER

The Government has requested that the Court stay this civil-forfeiture action, pursuant to 18 U.S.C. § 981(g)(1), pending the conclusion of a related criminal investigation and trial. Doc. 76, United States' Opposed Mot. to Stay Civil Forfeiture Proceeding (hereinafter, "Mot. to Stay").

Claimant Accel International opposes the stay and has filed a response in opposition to the Government's motion (Doc. 80). Claimant United IT Solutions does not oppose the Government's motion. Doc. 76, Mot. to Stay, 2, n.1. Claimant Sparkpro Solutions, Inc. has not taken a position on the stay. *Id.* Having reviewed the relevant briefing and the Government's ex parte evidence in support, the Court **GRANTS** the Government's motion (Doc. 76).

## I.

## BACKGROUND

In June of 2017, the Government seized two bank accounts from Accel (the '5478 account and the '1679 account), one from United (the '6062 account), and one from Sparkpro (the '2342 account). Doc. 54, 2d Am. Compl. (SAC), ¶ 3. After seizing these accounts, the Government filed its complaint in this case. Doc. 1, Compl. The Government alleged that it seized the accounts because the funds therein were obtained in relation to violations of various immigration laws that criminalize fraud in filing visa-application forms. Doc. 54, SAC, ¶ 6. Specifically, the Government stated the property was subject to seizure because it was involved in and/or was derived from proceeds traceable to a conspiracy to violate 18 U.S.C. § 1546 (fraud in immigration forms) and 18 U.S.C. §§ 1956, 1957 (money laundering). *Id.* Various parties came forward and filed verified claims of interest in the seized property. Doc. 5, United's Verified Claim; Doc. 17, Sparkpro's Verified Claim; Doc. 18, Accel's Verified Claim.

On July 11, 2018, the Government brought a related criminal action, *United States v. Ravi Kumar Dokku, et al.*, No. 3:18-CR-341-S (N.D. Tex.), that included a notice of forfeiture and bill of particulars that identified the defendant property in this case as subject to forfeiture. Doc. 76, Mot. to Stay, 2. Based on this related criminal action, the Government now moves that this civil forfeiture

case be stayed pending the resolution of the criminal case and investigation. *Id.* at 4. Accel International is the only claimant that opposes the stay. Doc. 80, Accel's Resp. The Government's motion is now ripe for review.

II.

**LEGAL STANDARD**

Section 981(g)(1) of Title 18 provides that "[u]pon motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or prosecution of a related criminal case." 18 U.S.C. § 981(g)(1). "This language reflects an amendment by the Civil Asset Forfeiture Reform Act of 2000 ('CAFRA') that 'broadened the stay relief significantly.'" *United States v. $4,480,466.16 in Funds Seized from Bank of Am. Account Ending in 2653*, 2019 WL 459645, at *2 (N.D. Tex. Feb. 6, 2019) (hereinafter, "*$4,480,466.16 in Funds*") (Fitzwater, J.) (quoting *United States v. All Funds Deposited in Account No. 20008524845*, 162 F. Supp. 2d 1325, 1330 (D. Wyo. 2001)). Among other things, the amendment removed the requirements that an indictment or information be filed and that the Government show good cause. *Id.*

"In deciding whether to grant a stay, the court must determine, first, whether a related criminal investigation or prosecution exists and, second, whether civil discovery will adversely affect the ability of the Government to conduct that criminal investigation or prosecution were the civil forfeiture case allowed to proceed." *Id.* (internal quotations omitted) (quoting *United States v. All Funds ($357,311.68) Contained in N. Tr. Bank of Fla. Account No. 724001868*, 2004 WL 1834589, at *2 (N.D. Tex. 2004) (hereinafter, "*All Funds*") (Fish, C.J.)).

# III.

# ANALYSIS

The parties do not dispute that a criminal action related to this cases exists. *See United States v. Ravi Kumar Dokku, et al.*, No. 3:18-cr-341-S (N.D. Tex. filed July 11, 2018). Claimant Accel *does* dispute whether the Government has met its burden of showing that civil discovery will adversely affect its ability to conduct the ongoing criminal investigation and prosecution. Doc. 80, Accel's Resp., 3–6. In the alternative, Accel argues that even if the Government satisfied its burden, a protective order would be an adequate and preferable remedy in place of a stay. *Id.* at 6–7.

A. *Civil Discovery Will Adversely Affect the Related Criminal Investigation and Prosecution.*

Accel's first argument against a stay is that the Government has shown only that discovery "could" affect the related criminal proceeding here, not that it "will" adversely affect it. *Id.* at 3–4. In its reply, the Government asserts that it has presented sufficient evidence that civil discovery will affect its ability to conduct a criminal investigation or prosecution, and that the cases Accel cited in support of its argument are distinguishable. Doc. 83, Gov't's Reply, 2–4.

After reviewing the ex parte affidavit the Government filed in support of its motion, the Court finds that the Government has satisfied its burden. Section § 981(g)(5) expressly permits the Government to "submit evidence ex parte in order to avoid disclosing any matter that may adversely affect an ongoing criminal investigation or pending criminal trial."[1] 18 U.S.C. § 981(g)(5). The

---

[1] Accel has requested that this ex parte affidavit be unsealed or, in the alternative, that Accel be granted limited access to the affidavit to respond to the motion to stay. Doc. 79, Mot. to Unseal. Accel claims such relief is necessary as a matter of due process and fairness. *Id.* at 2. While Accel's concerns are well-taken, the Court **DENIES** its requested relief because disclosure may adversely affect the pending criminal investigation and trial. *See $4,480,466.16 in Funds*, 2019 WL 459645, at *4 n.2.

Government submitted such an affidavit here of Special Agent Daniel Sharp with the Department of Homeland Security, Homeland Security Investigations. Doc. 77-1. The Court finds that the affidavit sufficiently shows that the criminal investigation and prosecution of the related matter will be adversely affected if the Government is required to disclose the identify of witnesses in the criminal case, the testimony of these witnesses, or the nature and scope of the criminal investigation. Other courts have held similarly. *See $4,480,466.16 in Funds*, 2019 WL 459645, at *4 (citing *United States v. 2009 Dodge Challenger, VIN 2B3LJ44V49H561559*, 2011 WL 6000790, at *2 (D. Or. Nov. 30, 2011); *United States v. Eleven Thousand One Hundred Thirty Nine Dollars & Ninety One Cents in U.S. Currency ($11,139.91) from Comerica Bank Account No. XXXX-XXXXXX3967*, 2009 WL 541068, at *2 (E.D. Mich. Mar. 4, 2009); *United States v. Real Prop. & Improvements Located at 10 Table Bluff Rd., Loleta*, 2007 WL 911849, at *2 (N.D. Cal. Mar. 23, 2007)).

Although Accel contends that the criminal investigation cannot be affected because the discovery deadline in the criminal case has passed, the Government represents, and the affidavit corroborates, that this criminal matter has been declared complex and that the investigation is ongoing. Doc. 83, Gov't's Reply, 4; *see United States v. Ravi Kumar Dokku, et al.*, No. 3:18-CR-341-S (N.D. Tex.), Doc. 49, Order Declaring Case Complex. Thus, because "civil discovery in this case will adversely affect the ability of the Government to conduct a related criminal investigation, the court is required under 18 U.S.C. § 981(g)(1) to grant the Government's motion." *See $4,480,466.16 in Funds*, 2019 WL 459645, at *4.

B.  *A Protective Order Would Be Insufficient in this Case.*

Section 981(g)(3) provides that "the court may determine that a stay is unnecessary if a protective order limiting discovery would protect the interest of one party without unfairly limiting

the ability of the opposing party to pursue the civil case." 18 U.S.C. § 981(g)(3). Accel argues that the Court is *required* to first consider and fashion a protective order that would allow discovery to take place without adversely affecting the related criminal matter. Doc. 80, Accel's Resp., 2. As the Government points out, Accel is incorrect, as the statute gives the court the *discretion* to determine if a stay is unnecessary in favor of a protective order. *See* § 981(g)(3) ("the court *may* determine that a stay is unnecessary . . . .") (emphasis added). Indeed, the statute goes on to note that in "no case, however, shall the court impose a protective order as an alternative to stay if the effect of such protective order would be to allow one party to pursue discovery while the other party is substantially unable to do so." *Id.*

Here, the Government argues that allowing this civil case to continue would prejudice it because it would be unable to respond to potential motions for summary judgment or file its own without revealing information obtained from potential witnesses and other investigative material. Doc. 83, Gov't's Reply, 5. The Government's ex parte affidavit supports this contention. Doc. 77-1, Aff. The Court finds that a protective order would not be appropriate here because the risk of an adverse effect on the criminal case is too substantial. Even if discovery were significantly tailored, the Government would be stuck with the unreasonable position of having to either curtail its evidence in response to dispositive motions or prepare evidence and witnesses related to the criminal matter. The former would be unfair to the Government, and the latter, according to the ex parte affidavit, would risk compromising prospective witnesses and information about the ongoing investigation. The Court thus finds that a protective order would not adequately guard against the risk of adversely affecting the criminal investigation and thus is inappropriate here. *See United States v. $247,052.54*, 2007 WL 2009799, at *3 (N.D. Cal. July 6, 2007); *United States v. Real Prop. & Improvement Located*

*at 10 Table Bluff Road, Loleta*, 2007 WL 911849, at *2 (N.D. Cal. Mar. 23, 2007).

## IV.

## CONCLUSION

For the aforementioned reasons, the Court **GRANTS** the Government's motion to stay (Doc. 76). It is **ORDERED** that this case is **STAYED** for **180 DAYS** from the date this memorandum opinion is filed, *i.e.* until **October 28, 2019**. On the day the stay expires, the parties will provide the court with a joint status report advising the Court how to proceed with the case. It is further **ORDERED** that the Government provide the Court with a status report in **90 DAYS**, *i.e.* by **July 29, 2019**, updating the Court on the status of the related criminal proceeding. Should the Government seek to continue the stay past the 180 days, the Government shall file a motion to that effect on or before **September 27, 2019**. Claimants shall file their responses to any such motion on or before **October 18, 2019**. The Court will not consider any replies.

It is further **ORDERED** that Accel's Motion to Unseal (Doc. 79) is **DENIED**. *See* page 4 *supra* note 1.

**SO ORDERED**.

**SIGNED: April 30, 2019.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE